[Cite as *Thompson v. Oswalt*, 2015-Ohio-10.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| MECHELLE M. THOMPSON | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| First-Petitioner/Appellant/ | : | Hon. W. Scott Gwin, J. |
| Cross-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | |
| -vs- | : | |
| | : | |
| KENNETH W. OSWALT | : | Case No. 14-CA-38 |
| | : | |
| Second-Petitioner/Appellee/ | : | |
| Cross-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 06-DR-1297


JUDGMENT:      Affirmed and Remanded


DATE OF JUDGMENT:      January 2, 2015


APPEARANCES:

For Appellee/Cross-Appellant          For Appellant/Cross-Appellee

KENNETH W. OSWALT, Pro Se        JULIA L. LEVERIDGE
92 Lancaster Drive                            88 West Mound Street
Heath, OH  43055                             Columbus, OH  43215

*Farmer, J.*

{¶1}   Appellant, Mechelle Thompson, and appellee, Kenneth Oswalt, an unmarried couple, had a child together in 2003.  On January 29, 2007, an agreed entry was filed determining child support and parenting/visitation time.   Appellant was designated as the residential parent and legal custodian of the child.

{¶2}   On June 10, 2013, the Licking County Child Support Enforcement Agency (hereinafter "CSEA") filed a motion to review and adjust child support.  On July 23, 2013, appellee filed a motion to modify parenting/visitation time.  On October 10, 2013, appellant filed a motion to modify child support.  A hearing was held on January 22, 2014.  By judgment entry filed March 31, 2014, the trial court dismissed CSEA's motion to review and adjust child support.  By judgment entry filed April 9, 2014, the trial court increased appellee's parenting/visitation time as well as his child support obligation.

{¶3}   Appellant filed an appeal and assigned the following errors:

I

{¶4}   "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY MODIFYING THE PARTIES' PARENTING TIME SCHEDULE WITHOUT MAKING THE REQUISIT[E] FINDINGS REQUIRED BY O.R.C. 3109.04 AND BY FAILING TO SPECIFY THE COMPETENT CREDIBLE EVIDENCE THAT SUPPORT SAID MODIFICATION."

II

{¶5}   "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY REQUIRING APPELLANT TO ISSUE WRITTEN OBJECTIONS AS TO APPELLEE'S EXHIBITS BEFORE SAME WERE EVEN ADMITTED AT TRIAL."

{¶6}   Appellee filed a cross-appeal and assigned the following errors:

CROSS-ASSIGNMENT OF ERROR I

{¶7}   "THE TRIAL COURT ERRED WHEN IT DID NOT CONTINUE IN PLACE OSWALT'S PREVIOUSLY GRANTED DEVIATION THAT HAD BEEN PREDICATED UPON HIS HAVING 'ADDITIONAL TIME WITH [THE] CHILD' WHEN: (1) HE ACTUALLY SUCCEEDED IN GETTING SUBSTANTIALLY *MORE* TIME WITH THE CHILD; (2) HE PROVIDES MONTHLY CONTRIBUTIONS TO A COLLEGE FUND FOR THE CHILD; AND, (3) THE PRE-DEVIATION DIFFERENTIAL BETWEEN THE NEW ORDER AND THE OLD ORDER IS LESS THAN 10%."

CROSS-ASSIGNMENT OF ERROR II

{¶8}   "THE TRIAL COURT ERRED WHEN IT DID NOT GRANT OSWALT THE TAX EXEMPTION FOR ALL YEARS GIVEN THOMPSON'S LIMITED INCOME AND HIS SUBSTANTIALLY HIGHER INCOME ESPECIALLY GIVEN OSWALT'S EXPRESSED INTENT TO USE THE BENEFIT OF THAT CHANGE DIRECTLY FOR THE CHILD."

{¶9}   This matter is now before this court for consideration.

I

{¶10}  Appellant claims the trial court erred in modifying the parenting/visitation time without a showing of a change of circumstances under R.C. 3109.04 and that the modification was in the best interest of the child.  We disagree.

{¶11}  Appellant argues R.C. 3109.04(E)(1)(a) is applicable to this case which involves the modification of parenting/visitation time.  However, in *Braatz v. Braatz,* 85 Ohio St.3d 40 (1999), syllabus, the Supreme Court of Ohio held the following:

1. Modification of visitation rights is governed by R.C. 3109.051.

2. The party requesting a change in visitation rights need make no showing that there has been a change in circumstances in order for the court to modify those rights.  Pursuant to R.C. 3109.051(D), the trial court shall consider the fifteen factors enumerated therein, and in its sound discretion shall determine visitation that is in the best interest of the child.

{¶12}  The pertinent factors found in R.C. 3109.051(D) are as follows:

(1) The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity, and with the person who requested companionship or visitation if that person is not a parent, sibling, or relative of the child;

***

(3) The child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedule;

(4) The age of the child;

(5) The child's adjustment to home, school, and community;

(6) If the court has interviewed the child in chambers, pursuant to division (C) of this section, regarding the wishes and concerns of the child as to parenting time by the parent who is not the residential parent or

companionship or visitation by the grandparent, relative, or other person who requested companionship or visitation, as to a specific parenting time or visitation schedule, or as to other parenting time or visitation matters, the wishes and concerns of the child, as expressed to the court;

(7) The health and safety of the child;

(8) The amount of time that will be available for the child to spend with siblings;

(9) The mental and physical health of all parties;

(10) Each parent's willingness to reschedule missed parenting time and to facilitate the other parent's parenting time rights, and with respect to a person who requested companionship or visitation, the willingness of that person to reschedule missed visitation;

***

(16) Any other factor in the best interest of the child.

{¶13} The parties' agreed entry of January 29, 2007 stated: "Until the child begins attending school, he [appellee] will have her overnight on both Tuesday and Thursday nights one week, and overnight Tuesday night and Thursday from babysitter until 8:30 p.m. on the alternate week." As the trial court noted in its April 9, 2014 judgment entry, the agreed parenting/visitation time was no longer applicable:

The Court finds the parties hereto are the biological parents of one minor child to wit: Grace McKenna Thompson Oswalt (d.o.b. September

28, 2003).  Pursuant to the Agreed Judgment Entry of January 29, 2007, Mechelle Thompson was named residential parent and legal custodian of Grace and Kenneth Oswalt was awarded parenting time with Grace pursuant to Local Rule 19 which at the time of the Agreed Judgment Entry had a modification which is no longer applicable.

{¶14}  The parties' agreed entry applied until the child started school.  The child was born on September 28, 2003, and was in school when appellee filed his motion to modify parenting/visitation times on July 23, 2013.  We find the trial court was correct in concluding the parenting/visitation time set forth in the agreed entry was no longer applicable.

{¶15}  The trial was conducted on January 22, 2014 with an in camera interview of the child scheduled for February 14, 2014.  At the conclusion of the trial, the trial court stated: "The evidentiary part of the case is submitted.  There's still a request for the interview of the child, and we'll address that by entry and correspondence in the near future."  T. at 381.  In its judgment entry filed April 9, 2014, the trial court considered the child's wishes and concerns and found the following:

The Court finds that Mr. Oswalt is requesting a change in his parenting time to expand his Wednesday parenting in one week from after school on Wednesday until the return to school on Thursday morning. The alternate week, on the Wednesday prior to his scheduled weekend, Mr. Oswalt is requesting the he receive Grace from school on Wednesday

and return her to school on Monday. One of the stated reasons for Mr. Oswalt's modification is to eliminate as much as possible the personal contact between Mechelle Thompson and himself which often results in confrontation to which Grace is exposed. Considering the evidence that was presented and further considering the wishes and concerns of Grace the Court concludes that a modified parenting schedule as suggested by Mr. Oswalt would be in the best interest of the minor child. The Court finds that the relationship between Mr. Oswalt and his daughter is loving, supporting and involved and that providing more parenting time between Grace and her father will expose Grace to an alternative parenting style which will bring balance on her maturity process. In addition, the Court believes that both parents will work with Grace to allay any concerns she might have regarding this change just as they will work with her for any other changes such as her residence and school. In addition, the Court finds it would be in the best interest of Grace to learn to be separated more from her mother and the additional overnight parenting time would not be a traumatic expansion that will cause any emotional harm to Grace.

{¶16} The trial court noted appellee "has consistently exercised all parenting time provided to him," has actively engaged with the child by attending events and activities, and has a flexible working schedule. The child's half-siblings are old enough to attend college, and appellant resigned from her full-time employment and was working part-time and attending college.

{¶17} Many of appellant's current challenges to the expansion of parenting/visitation time are based upon her opinion of appellant, his parenting skills, and his associations with others.  As the trier of fact, the trial court rejected most of these arguments or claims as unsubstantiated by the evidence.  These were credibility calls left to the province of the trier of fact, and we are loath to give a different interpretation or conclusion.  *State v. Jamison,* 49 Ohio St.3d 182 (1990); *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶18} The trial court did not accept either parties' visitation schedules, but specifically adopted a schedule conducive to the child's best interest and to minimizing confrontation between the parties.

{¶19} Upon review, we find the trial court considered the best interest of the child and did not abuse its discretion in modifying the parties' parenting/visitation time.

{¶20}  Assignment of Error I is denied.

II

{¶21}  Appellant claims the trial court erred in not accepting oral objections to appellee's exhibits at trial but instead requiring all exhibits be objected to in writing before trial.  We disagree.

{¶22}  In a pretrial order filed October 18, 2013, the trial court imposed the following order:

> All documents and other exhibits expected to be moved into evidence at trial shall be exchanged with copies to be provided for opposing counsel.  A complete copy shall be provided to the Court on the

day of hearing.  Each party shall mark all exhibits they intend to offer for trial with **PLAINTIFF** USING **NUMBERS** AND **DEFENDANT** USING **LETTERS**.  **IF A PARTY HAS MORE THAN FIVE (5) EXHIBITS, A MINIMUM OF THREE SETS SHALL BE PLACED IN SEPARATE 3 RING BINDERS WITH EACH EXHIBIT BEING INDIVIDUALLY TABBED AND AN INDEX OF THE EXHIBITS INCLUDED AS THE FINAL PAGE.** Any objections to exhibits shall be filed by **JANUARY 17, 2014**.  Any exhibit not objected to may be admitted.  Copies of exhibits shall <u>not</u> be filed with the Clerk of Courts.

Failure to timely comply with this order shall result in the imposition of appropriate sanctions, including the imposition of monetary sanctions, exclusion of evidence, or dismissal of the action.


{¶23}  Although appellant argues she represented herself at the trial, the pretrial order indicates she was represented by counsel at the pretrial: "MECHELLE THOMPSON represented by STEPHEN B. WILSON."  An entry filed October 29, 2013 indicates Attorney Wilson was permitted to withdraw as counsel.

{¶24}  We note most of appellee's exhibits related to appellant's employment relative to child support.  Following the trial, the trial court dismissed the matter of child support and the issue was not appealed.

{¶25}  Given the trial court's specific directives, we find the trial court did not err in denying appellant's oral objections to appellee's exhibits.

{¶26}  Assignment of Error II is denied.

CROSS-ASSIGNMENT OF ERROR I

{¶27} Appellee claims the trial court erred in not continuing a previously granted deviation from child support for time spent with the child given that the new parenting/visitation time order grants him more time with the child.  We disagree.

{¶28}  R.C. 3119.22 states the following:

> The court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, would be unjust or inappropriate and would not be in the best interest of the child.  If it deviates, the court must enter in the journal the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination.

{¶29}  The pertinent factors found in R.C. 3119.23 include:

\*\*\*

(C) Other court-ordered payments;

(D) Extended parenting time or extraordinary costs associated with parenting time, provided that this division does not authorize and shall not be construed as authorizing any deviation from the schedule and the applicable worksheet, through the line establishing the actual annual obligation, or any escrowing, impoundment, or withholding of child support because of a denial of or interference with a right of parenting time granted by court order;

\*\*\*

(G) Disparity in income between parties or households;

\*\*\*

(J) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;

(K) The relative financial resources, other assets and resources, and needs of each parent;

(L) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;

(M) The physical and emotional condition and needs of the child;

(N) The need and capacity of the child for an education and the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen;

(O) The responsibility of each parent for the support of others;

(P) Any other relevant factor.

{¶30} Appellee argues his parenting time has doubled and he provides substantial in-kind contributions; therefore, the trial court erred in not retaining the 2007 deviation. Although appellee's time has increased, there still is not a 50/50 split regarding parenting. Appellant was employed by appellee and resigned pending a possible disciplinary action. This created a decrease in her earnings. In its judgment entry filed April 9, 2014, the trial court accepted the parties' stipulated incomes and the submitted child support worksheet labeled "Exhibit A," and specifically exempted the deviation:

The Court finds other than parenting time adjustment no evidence was presented wherein the Court can conclude that the presumed child support is unjust, unreasonable and not in the child's best interest. The Court recognizes that additional parenting time has been awarded to Mr. Oswalt but the record does not provide a basis to find that issue alone would support a deviation. Therefore, the child support obligation of Kenneth Oswalt shall be the presumed child support pursuant to the statutory guidelines.

{¶31}  We find the stipulation of the parties to be controlling.

{¶32}  Cross-Assignment of Error I is denied.

CROSS-ASSIGNMENT OF ERROR II

{¶33}  Appellee claims the trial court erred in not granting him the tax exemption for the child.

{¶34}  The parties' 2007 agreed entry granted the tax exemption to each party in alternating years.  The April 9, 2014 judgment entry is silent on the tax exemption issue.  In addressing the parenting/visitation time, the judgment entry states: "All other provisions of the prior parenting Order not specifically altered herein shall remain in full force and effect."  In the 2007 agreed entry, the tax exemption order was in a different section than parenting/visitation time.  Therefore, at this time, there is no determination on the tax exemption issue.  The matter is remanded to the trial court for determination of the tax exemption issue.

{¶35} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed, and the matter is remanded to said court for determination on the tax exemption issue.

By Farmer, J.

Hoffman, P.J. and

Gwin, J. concur.

SGF/sg 1210